**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GERALD BROWN**

v. **CA. No. 05- 184 ML**

**A.T. WALL, et al.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff Gerald Brown filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants A.T. Wall, Director of the Rhode Island Department of Corrections, Anthony Capraro and Catherine Gibran, state public defenders, Randall White, a state prosecutor, and Joseph Smith, Mark Smith and Judith Crowell, private attorneys who represented the plaintiff in his state petitions for post conviction relief. Plaintiff, apparently, has been convicted of offenses relating to child molestation.

In his Complaint, plaintiff first alleges that A.T. Wall is illegally confining him due to a conspiracy of the state prosecutors. Plaintiff further alleges that the state prosecutors and public defenders have a bias against defendants charged with child molestation, that various attorneys who represented him have conspired with the prosecutors to confine him, and that the indictment charging him with child molestation was fraudulent. Based upon these allegations, plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C.



3

§ 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted.

In an action for damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Here, neither plaintiff's conviction nor his sentence has been invalidated. Any determination by this Court in this proceeding that the plaintiff's rights were violated would necessarily call into question the validity of plaintiff's conviction and sentence. That is something this Court can not do here. See id. Thus, plaintiff's Complaint should be dismissed.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed for a failure to state a claim upon which relief can be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 17 2005